IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ALLIED WORLD SPECIALTY INSURANCE COMPANY, | |
|---|---|
| Plaintiff, | 8:16CV545 |
| vs. | ORDER |
| ABAT LEREW CONSTRUCTION, LLC, ABAT LEREW, LLC, MICHAEL R. FORD, and NOEL A. FORD, | |
| Defendants. | |

Plaintiff has filed a Motion for Leave to File Motion to Strike Affirmative Defenses. ([Filing No. 35](#).) Plaintiff attached a Motion to Strike Affirmative Defenses and Brief in Support of Motion to Strike Affirmative Defenses to its Motion for Leave. The Court construes the entirety of Plaintiff's filing as a request that Defendants' affirmative defenses be stricken from Defendant's Answer. This request will be denied.[1]

**DISCUSSION**

On January 13, 2017, Defendants filed their Answer ([Filing No. 23](#)), asserting the affirmative defenses of equitable estoppel, unclean hands, breach of good faith and fair dealing, unenforceability of contract, and that Plaintiff caused its own damages. Plaintiff moves to strike these defenses pursuant to Federal Rule of Civil Procedure 12(f). Plaintiff argues that Defendants have failed to allege facts supporting the defenses and that the defenses are not cognizable under the law.

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." [Fed. R. Civ. P. 12(f)](#). "[T]he Eighth Circuit's law is clear regarding motions to strike affirmative defenses: while the Court enjoys liberal discretion to strike pleadings under Fed. R. Civ. P. 12(f), it is an extreme and disfavored measure."

---

[1] Defendants filed a brief in opposition to Plaintiff's request that Defendants' affirmative defenses be stricken. ([Filing No. 36](#).) Plaintiff did not submit a reply brief.

*Infogroup v. Database LLC*, 95 F.Supp.3d 1170, 1193 (D. Neb. 2015) (quotations omitted). "A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the Court ought to hear." *Id*.

Federal Rule of Civil Procedure 8(c), which governs affirmative defenses, requires that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . ." Fed. R. Civ. P. 8(c). Although these defenses must be set forth in a responsive pleading, "they need not be articulated with any rigorous degree of specificity, and may be sufficiently raised for purposes of Rule 8 by their bare assertion." *Infogroup, Inc*., 95 F. Supp.3d at 1193. *See Zotos v. Lindbergh School District*, 121 F.3d 356, 361 (8th Cir. 1997).

Applying the standards set forth above, the Court concludes that Plaintiff's motion should be denied. As previously mentioned, striking affirmative defenses is a disfavored measure. "Motions to strike are often considered time wasters, and should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy." *Infogroup, Inc., 95 F. Supp.3d at 1194*. Although the affirmative defenses raised by Defendants in the Answer are not accompanied by supporting facts, their assertion fulfills Defendants' duties under Rule 8. It cannot be said that the alleged defenses have no relation or connection to the subject matter of this action. Moreover, facts purportedly supporting the affirmative defenses were addressed in briefing on other matters in this case. Therefore, Plaintiff has been provided enough information to commence the discovery process and has been sufficiently notified of the grounds for the defenses.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Motion to Strike Affirmative Defenses (Filing No. 35) is denied.

Dated this 22nd day of August, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge